1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY RENDON, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada limited liability company; and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. 2:21-cv-01097 DSF (JCx)<br><br>**ORDER FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. RULE 41(a)(1)(A)(ii)**<br><br>[*Concurrently filed with Joint Stipulation for Dismissal of Entire Action With Prejudice Pursuant to F.R.C.P. RULE 41(a)(1)(A)(ii)*]<br><br>Complaint Filed: January 4, 2021<br>Trial Date:      None<br>District Judge:  Hon. Dale S. Fischer<br>                 Courtroom 7D, First St.<br>Magistrate Judge: Hon. Jacqueline Chooljian<br>                 Courtroom 750, Roybal |

Pursuant to the parties' Joint Stipulation for Dismissal of Entire Action with Prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED**:

1. The above-entitled action is dismissed in its entirety with prejudice.

2. This Court shall retain jurisdiction over the parties and the action until October 19, 2022, for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims, which reads as follows:

> Within eighteen (18) months of the Effective Date ("the Remediation Period"), Defendant and its affiliates shall use good faith efforts to cause those portions of the Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Websites ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Websites shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant or its affiliates.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court or the U.S. Circuit Court of Appeals for the Ninth Circuit renders a decision, pursuant to which any or all of the Websites is not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Defendant and its affiliates will be relieved of the obligations set forth in Sections 2(B) and (C). If Defendant or any of its affiliates contends its ability to meet the deadline for compliance with Sections 2(B) and (C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of the control of Defendant or its affiliates, including circumstances related to the current COVID-19 crisis or similar crises that may arise, then the Parties or their respective counsel shall meet and confer to discuss an extension to the Remediation Period. If meeting the standard for compliance within this Section 2(B) would constitute an undue burden or would result in a fundamental alteration of any of the Websites, then the Parties or their respective counsel shall meet and confer to discuss a solution. If the Parties cannot reach an agreement regarding a solution after such meet-and-confer efforts,

either Party will have the right to seek judicial relief.  Notwithstanding the foregoing, nothing in this provision or in this Agreement shall require or be construed to require Defendant or any of its affiliates to continue operating any of the Websites, which they may determine in their sole discretion.

3. Each party shall bear his or its own fees, costs, and attorneys' expenses.

IT IS SO ORDERED.

DATED:  May 3, 2021

*/s/ Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE